THE BOARD OF COUNTY COMMISSIONERS OF GREER COUNTY, OKLAHOMA TERRITORY *on the relation of* CHARLES M. THACKER, *County Attorney of Said County,* v. THE CONSTITUTIONAL DELEGATE CONVENTION OF OKLAHOMA TERRITORY AND INDIAN TERRITORY, WILLIAM H. MURRAY, *President, et al.*

(Filed June 25, 1907.)

**COURT OF EQUITY**—Jurisdiction—Constitutional Convention. A court of equity has no power or jurisdiction to restrain or enjoin the constitutional convention, its officers or delegates, from exercising any of the rights, powers and obligations confided to it by congress or the people; nor can the powers of the court be invoked to restrain or enjoin the submission of the constitution or any proposition contained therein, to a vote of the people, in advance of its adoption and ratification by the people, and its approval by the President of the United States, on the ground that the proposed constitution or any of its provisions is unconstitutional, or that the convention acted in excess of its powers.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before John H. Burford, Trial Judge.*

*Arthur R. Garrett, Andrew M. Stewart,* and *Horace Speed,* for plaintiff in error.

*J. F. King. W. A. Ledbetter* and *R. L. Williams.* for defendants in error.

Opinion of the court by

HAINER,' J.: This was an action brought in the district court of Logan county, by the board of county commissioners of Greer county, on the relation of Charles M. Thacker, county attorney of said county, against the Constitutional Delegate Convention of Oklahoma Territory and Indian Territory, William H. Murray, president, and others, constituting all the delegates to said convention, the object of the suit being to perpetually restrain and enjoin the convention, its officers and delegates, and all persons acting through or under them, from submitting, as a part of the constitution of the proposed state of Oklahoma, to the electorate of Oklahoma Territory and Indian Territory, a certain proposition or provision which would in effect divide Greer county into three distinct parts, and thereby change the county lines, and take a large part of its original territory therefrom, and create two other distinct counties within what was formerly the boundaries of Greer county and as it now exists, and has existed since it was established as an organized county in Oklahoma by act of congress of June 16, 1896. The convention, its delegates and officers, were further asked to be restrained and enjoined from editing, enrolling, or authenticating as a part of the constitution, any such provision, and prohibiting it and its agents from submitting to the electors of Oklahoma any provision which, by its terms, divides Greer county, or changes its boundaries. Upon the hearing, the court below declined to grant an injunction, and from this order the plaintiff, Greer county appeals.

It is contended that the division of Greer county is invalid, and in violation of the enabling act, and of the act

of congress creating Greer county; that it deprives the county of its lawful territory and inhabitants, increases the taxes, depreciates the value of the remaining property, and is an irreparable injury.

The same questions were involved and fully considered in the case of *Frank Frantz, et al., v. G. E. Autry,* decided at this term of the court, where this court held that:

"A court of equity has no power or jurisdiction to restrain or enjoin the constitutional convention, its officers or delegates, from exercising any of the rights, powers, and obligations confided to it by congress or the people; nor can the powers of the court be invoked to restrain or enjoin the submission of the constitution, or any proposition contained therein, to a vote of the people, in advance of its adoption and ratification by the people and its approval by the President of the United States, on the ground that the constitution, or any of its provisions, is unconstitutional, or that the convention acted in excess of its powers."

And it was also decided in that case that:

"The power vested in the convention to form a state government clearly implies the power to create and define all the counties within the limits of the proposed state, the only limitation upon the convention in this respect being that the Osage Indian Reservation shall remain as a separate county until the lands therein are allotted in severalty, and until changed by the legislature of the state."

Hence, that case is decisive of the points involved here, and upon that authority and the cases therein cited, the judgment of the court below must be affirmed.

Burford, C. J., who presided in the court below, not sitting; Irwin, J., and Pancoast, J., dissenting; all the other Justices concurring.